IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

    Petitioner.

  v.

JOHN MCGINNESS,

    Respondent.

No. C 09-01203 CW (PR)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING IN FORMA PAUPERIS APPLICATION

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner also seeks leave to proceed <u>in forma pauperis</u>.  He has also requested appointment of counsel in this action.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions.  <u>See</u> <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  <u>See</u> <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986); <u>Knaubert</u>, 791 F.2d at 728; <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or

1 physically impaired petitioners; (4) cases likely to require the
2 assistance of experts either in framing or in trying the claims;
3 (5) cases in which petitioner is in no position to investigate
4 crucial facts; and (6) factually complex cases.  See generally 1 J.
5 Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure
6 § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
7 when the circumstances of a particular case indicate that appointed
8 counsel is necessary to prevent due process violations.  See
9 Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
10 Cir. 1965).

11      At this early stage of the proceedings the Court is unable to
12 determine whether the appointment of counsel is mandated for
13 Petitioner.  Accordingly, the interests of justice do not require
14 appointment of counsel at this time, and Petitioner's request is
15 DENIED.  This denial is without prejudice to reconsideration should
16 the Court on its own motion find an evidentiary hearing necessary
17 following consideration of the merits of Petitioner's claims.

18      Petitioner's application to proceed in forma pauperis is
19 GRANTED.  The Court will review Petitioner's habeas petition in a
20 separate written Order.

21      IT IS SO ORDERED.

22 Dated: 4/27/09

                                        _____
                                        CLAUDIA WILKEN
                                        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

        Plaintiff,

v.

JOHN MCGINNESS et al,

        Defendant.

Case Number: CV09-01203 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dock McNeely X-2333938
NAPA STATE HOSPITAL
2100 NAPA-VALLEJO HIGHWAY
NAPA, CA 94558-6293

Dated: April 27, 2009

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\McNeely1203.GrantIFP-DenyAtty.wpd  3